UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-120-JD-MGG

T. PULLINS, et al.,

    Defendants.

## OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Scruggs alleges that the Indiana Department of Corrections provides tablet devices to inmates through a company named GTL. On these tablet devices, inmates can message or call family members, obtain legal information and information about the Indiana Department of Correction, and play video games, movies, music, and podcasts.

On October 15, 2021, Scruggs arrived at the Westville Correctional Facility, and staff denied his request for a tablet device due to a facility shortage but told him that inmates would receive tablets as the tablets arrived in the order in which the inmates arrived at the facility. However, Scruggs has not yet received a tablet device even though other inmates who arrived at the facility after Scruggs, including one white inmate, have received tablet devices. He alleges that each of the six defendants are aware of these circumstances and have refused to provide him with a tablet device.

The structure of the complaint indicates that Scruggs intends to assert two different types of equal protection claims based on these allegations. The first claim focuses on the broad proposition that he should be treated the same as other inmates at the facility. Because Scruggs does not suggest that the defendants targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." *Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015). "If we can come up with a rational basis for the challenged action, that will be the end of the matter — animus or no." *Fares Pawn*, 755 F.3d at 845. "[T]he test for rationality does not ask whether the benign justification was the *actual* justification. All it takes to defeat the plaintiffs' claim is a *conceivable* rational basis for the difference in treatment." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th

Cir. 2013). The complaint suggests that there is no rational basis for refusing to give Scruggs a tablet device while giving them to inmates who arrived to the Westville Correctional Facility later than him, so Scruggs may proceed on this claim.

Scruggs also asserts that the defendants have refused to provide him with a tablet device due to his race and further asserts that the defendants have refused to order enough tablet devices for inmates at the Westville Correctional Facility because the Westville Correctional Facility is a "black facility". "To show a violation of the Equal Protection Clause, plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001). "To prove discriminatory effect, the plaintiffs are required to show that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that plaintiffs were treated differently from members of the unprotected class." *Id.* Discriminatory purpose implies more than intent as awareness of consequences. It implies that the decisionmaker selected or reaffirmed a particular course of action at least in part because of its adverse effects upon an identifiable group." *Id.* at 645. Scruggs may proceed on an equal protection claim on the theory that the defendants discriminated against him based on his race by refusing to provide him with a tablet device.

However, Scruggs may not proceed on the theory that the defendants have refused to order enough tablet devices for inmates at the Westville Correctional Facility because the Westville Correctional Facility is a "black facility". These allegations are too

3

vague to state a claim. Scruggs does not adequately explain what a "black facility" is or why he considers the Westville Correctional Facility to be a "black facility".

Based on the same allegations, Scruggs also asserts that the defendants are violating his First Amendment right to information by denying him access to the tablet device. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). At this stage of the proceedings, Scruggs adequately states a First Amendment claim against the defendants for denying him access to the information provided on the tablet device.

Scruggs also seeks an injunction ordering prison official to give him a tablet device uploaded with particular content and to order enough tablet devices for all inmates incarcerated by the Indiana Department of Corrections. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.*

Scruggs may proceed on his injunctive relief claim to receive a tablet device to the extent required by the Equal Protection Clause and the First Amendment, but he lacks standing to assert the constitutional claims of other inmates and cannot pursue

4

injunctive relief on their behalf. *See Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999) ("Among these prudential restrictions is the general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party."). The Warden of the Westville Correctional Facility has both the authority and the responsibility to ensure that Scruggs receive a tablet device to the extent required by the Equal Protection Clause and the First Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Scruggs may proceed on the injunctive relief claim against the Warden of the Westville Correctional Facility in his official capacity.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs leave to proceed on an equal protection claim for compensatory and punitive damages against T. Pullins, A. Watts, Warden Galipeau, T. Cornett, J. Kennerk, and Commissioner Robert E. Carter, Jr., in their individual capacities for treating him differently than similarly situated individuals by denying him a tablet device without a rational basis;

(2) GRANTS Christopher L. Scruggs leave to proceed on an equal protection claim for compensatory and punitive damages against T. Pullins, A. Watts, Warden Galipeau, T. Cornett, J. Kennerk, and Commissioner Robert E. Carter, Jr., in their individual capacities for treating him differently than similarly situated individuals by denying him a tablet device based on his race;

(3) GRANTS Christopher L. Scruggs leave to proceed on a First Amendment claim for compensatory and punitive damages against T. Pullins, A. Watts, Warden Galipeau, T. Cornett, J. Kennerk, and Commissioner Robert E. Carter, Jr., in their

individual capacities for denying him access to information provided on tablet devices with no reasonable relationship to legitimate penological interests;

(4) GRANTS Christopher L. Scruggs leave to proceed against the Warden Galipeau in his official capacity on an injunctive relief claim to receive a tablet device to the extent required by the Equal Protection Clause and the First Amendment;

(5) DIRECTS Christopher L. Scruggs to make arrangements to serve T. Pullins, A. Watts, Warden Galipeau, T. Cornett, J. Kennerk, and Commissioner Robert E. Carter, Jr.; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), T. Pullins, A. Watts, Warden Galipeau, T. Cornett, J. Kennerk, and Commissioner Robert E. Carter, Jr.to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 22, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT